# Exhibit 1

skip to main content

Print

# CASE INFORMATION

## CV-19-923960 CARNEGIE GAS, INC., ET AL vs. S & D COFFEE, INC.

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 11/21/2019 | N/A | JE | THE PARTIES' STIPULATION OF TIME TO MOVE OR PLEAD TO THE COMPLAINT, FILED 11/20/2019, IS HEREBY APPROVED. DEFENDANT SHALL HAVE THROUGH 12/13/2019 IN WHICH TO MOVE, PLEAD, OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT. NOTICE ISSUED | 📄 |
| 11/20/2019 | D1 | OT | STIPULATION FILED BY D1 S & D COFFEE, INC. STIPULATION OF TIME TO MOVE OR PLEAD TO COMPLAINT | |
| 11/20/2019 | D1 | NT | NOTICE OF APPEARANCE, FILED D1 S & D COFFEE, INC. BRANDEN P MOORE 0092716. NOTICE OF APPEARANCE | 📄 |
| 11/01/2019 | N/A | SR | FEDEX RECEIPT NO. 40163665 DELIVERED BY FEDEX 10/31/2019 S & D COFFEE, INC. PROCESSED BY COC 11/01/2019. | |
| 10/25/2019 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 10/25/2019 | D1 | CS | WRIT FEE | |
| 10/25/2019 | D1 | SR | SUMS COMPLAINT(40163665) SENT BY FEDERAL EXPRESS. TO: S & D COFFEE, INC. C/O COGENCY GLOBAL INC 3958-D BROWN PARK DRIVE HILLIARD, OH 43026 | 📄 |
| 10/25/2019 | N/A | SF | JUDGE STEVEN E GALL ASSIGNED (RANDOM); COMMERCIAL DOCKET CASE, REASSIGNED TO JUDGE MAUREEN CLANCY (RANDOM) | |
| 10/25/2019 | N/A | SF | JUDGE STEVEN E GALL ASSIGNED (RANDOM) | |
| 10/25/2019 | P1 | SF | LEGAL RESEARCH | |
| 10/25/2019 | P1 | SF | LEGAL NEWS | |
| 10/25/2019 | P1 | SF | LEGAL AID | |
| 10/25/2019 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 10/25/2019 | P1 | SF | COMPUTER FEE | |
| 10/25/2019 | P1 | SF | CLERK'S FEE | |

| Date | | | |
|---|---|---|---|
| 10/25/2019 | P1 | SF | DEPOSIT AMOUNT PAID BRIAN J GREEN |
| 10/25/2019 | N/A | SF | CASE FILED: COMPLAINT |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
Website Questions or Comments.
Copyright © 2019 PROWARE. All Rights Reserved. 1.1.232



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed:**
**October 25, 2019 10:46**

By: BRIAN J. GREEN 0063921

Confirmation Nbr. 1852030

CARNEGIE GAS, INC., ET AL

vs.

S & D COFFEE, INC.

CV 19 923960

**Judge:** MAUREEN CLANCY

**Pages Filed:** 9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| CARNEGIE GAS, INC.,<br>8404 Carnegie Avenue<br>Cleveland, OH, 44103<br><br>and<br><br>HENEAN GAS, INC.,<br>3965 Lee Road<br>Shaker Heights, OH, 44128<br><br>and<br><br>BUCKEYE PETROLEUM, INC.,<br>13009 Buckeye Road<br>Cleveland, OH, 44120,<br><br>and<br><br>EAST 55TH GAS, INC.,<br>2625 East 55th Street<br>Cleveland, OH, 44104<br><br>    Plaintiffs,<br><br>vs.<br><br>S.&D. COFFEE, INC.,<br>c/o Cogency Global, Inc.<br>3958-D Brown Park Drive<br>Hilliard, OH 43026<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>COMPLAINT<br>*(With Jury Demand<br>Endorsed Herein)* |

The plaintiffs, Carnegie Gas Inc. ("Carnegie Gas"), Henean Gas, Inc. ("Henean Gas"), Buckeye Petroleum, Inc. ("Buckeye Petroleum"), and East 55th Gas, Inc. ("East 55th Gas") (collectively, "Plaintiffs"), for their Complaint against the defendant, S.&D. Coffee, Inc. ("Defendant"), state and allege as follows:

## FACTS AND JURISDICTION STATEMENT

1. The gravamen of this lawsuit relates to issues set forth in Rule 49.05 of the Rules of Superintendence for the Courts of Ohio and accordingly, is appropriate for filing and classification under the Court's Commercial Docket.

2. Plaintiffs bring claims for breach of contract, conversion, and unjust enrichment, along with other causes of action under applicable law.

3. Carnegie Gas is a for profit Ohio corporation located at 8404 Carnegie Avenue, Cleveland, Ohio, 44103.

4. Henean Gas is a for profit Ohio corporation located at 3965 Lee Road, Shaker Heights, Ohio, 44128.

5. Buckeye Petroleum is a for profit Ohio corporation located at 13009 Buckeye Road, Cleveland, Ohio, 44120.

6. East 55th Gas is a for profit Ohio corporation located at 2625 East 55th Street, Cleveland, Ohio, 44104.

7. Defendant is a North Carolina for profit corporation licensed to do business in the State of Ohio.

8. Defendant, headquartered at 300 Concord Parkway South Concord, North Carolina, 28027, manufacturers, supplies, and distributes tea, food ingredients, and other beverages.

9. Defendant markets itself as the largest, custom coffee manufacturer of its type within Central, South, and North America with over 70 distribution centers across the United States.

10. Defendant not only conducts business throughout the United States, including here in Cuyahoga County, but also globally.

11. Plaintiffs' injuries resulted from Defendant engaging in improper acts in Cuyahoga County, Ohio.

12. This action stems from Defendant's intentional and ongoing scheme to defraud Plaintiffs by shorting Plaintiffs in coffee products shipped by Defendants per the agreement between the parties, evidenced by invoices sent to Plaintiff by Defendant.

13. As demonstrated by Defendant's invoices and Plaintiffs' payment pursuant to those invoices, Defendant agreed to supply coffee products to serve the needs of Plaintiffs' customers; thereafter, Defendant deliberately supplied less coffee than the agreed upon amount for which Plaintiffs paid per the invoices.

14. By cheating Plaintiffs, Defendant reaped the financial benefits of the shortage via Defendant's deceptive business practices.

15. Defendant profited from its misconduct by receiving payments from Plaintiffs for products Defendant knowingly failed to furnish and using the unearned payments to further Defendant's own financial ends.

16. Despite Plaintiffs' demands, Defendant refused to repay all amounts due and owing to Plaintiffs resulting from Defendant's wrongful conduct and breach of contract.

## COUNT I
### (Breach of Contract)

17. Plaintiffs restate the averments contained in Paragraphs 1 through 16 above, as if fully set forth herein.

3

18. Plaintiffs entered contractual relationship to pay Defendant for coffee products to be supplied by Defendant for which Defendant would issue invoices to Plaintiffs for payment of said product.

19. Plaintiffs paid invoices to Defendant for the coffee as agreed; however, Defendant breached the agreement of the parties by failing to provide Plaintiffs with the agreed upon amount of purchased coffee products.

20. Defendant breached the obligations to which the parties agreed by charging Plaintiffs for product for which Plaintiffs paid but never received.

21. Defendant is liable to Plaintiffs for Plaintiffs' expectation damages, including repayment of money paid to Defendant by Plaintiffs and attorneys' fees owed.

22. Plaintiffs performed all their obligations under the terms of the contract to which the parties agreed.

23. As direct and proximate result of Defendant's breach of the contract, Plaintiffs sustained, and will continue to sustain, serious financial losses in excess of $25,000.00 subject to proof at trial.

## COUNT II
### (Conversion)

24. Plaintiffs restate the averments contained in Paragraphs 1 through 23 above, as if fully set forth herein.

25. Defendant wrongfully exercised dominion over the property of Plaintiffs, namely, the overpayment of money belonging to Plaintiffs and the retention of products, which Defendant failed to supply to Plaintiffs.

26. Plaintiffs owned the money that was used to fund Defendant's fraudulent scheme.

27. Defendant wrongfully induced Plaintiffs to part with the payments, ostensibly as money owed for coffee products, and then Defendant wrongfully diverted the unearned proceeds to advance its own ends.

28. Absent Defendant's scheme, Plaintiffs would not have lost the money at issue.

29. Defendant's scheme damaged the Plaintiffs.

30. Plaintiffs demanded repayment, and Defendant refused and failed to do so.

31. As direct and proximate result of Defendant's conversion, Plaintiffs sustained, and will continue to sustain, serious financial losses in excess of $25,000.00 subject to proof at trial.

## COUNT III
### (Unjust Enrichment)

32. Plaintiffs restate the averments contained in Paragraphs 1 through 31 above, as if fully set forth herein.

33. Defendant retained money and/or benefits, which in justice and equity belong to Plaintiffs.

34. Plaintiffs (unknowingly) bestowed benefits upon Defendant by overpaying Defendant for coffee products Defendant promised to deliver to Plaintiff, but never did; Defendant retained Plaintiffs' overpayment, and Defendant used Plaintiffs' overpayment for its own benefit, rather than the payments' intended purpose.

35. Defendant knew of this benefit, and Defendant arranged the whole scheme to acquire said benefit.

36. Under the circumstances, it would be unjust to allow Defendant to retain the benefits it received without repaying Plaintiffs.

37. As direct and proximate result of Defendant's unjust enrichment, Plaintiffs sustained, and will continue to sustain, serious financial losses in excess of $25,000.00 subject to proof at trial.

## COUNT IV
### (Fraud)

38. Plaintiffs restate the averments contained in Paragraphs 1 through 37 above, as if fully set forth herein.

39. Defendant made many misrepresentations to Plaintiffs during the negotiation of the agreement and regarding Defendant's deliveries as to the amount of product.

40. Among other things, Defendant misrepresented that Defendant would supply amounts of coffee product as agreed upon by the parties; falsified invoices to mirror its misrepresentations; misrepresented that its shipments of coffee and the amount of product therein adhered to the terms of the parties' agreement; and further misled Plaintiffs to rely on Defendant's assurances that Defendant would abide by other terms and conditions set forth in the parties' agreement.

41. Defendant also concealed various aspects of its scheme, which included orchestrating a deliberate, significant deficit in the amount of coffee products for which Plaintiffs paid through ongoing shipments; conspiring in the engagement of intentional misrepresentations made by Defendant, its employees, and agents regarding the shortage; organizing deceptive, noncompliant product shipping and shipments; and soliciting and retaining unjustified payments made by Plaintiffs; and intentionally billing Plaintiffs with inaccurate invoices.

42. Defendant's representations and concealments were false and were material to the transaction at hand.

43. Plaintiffs would not have entered into an agreement with Defendant if Plaintiffs knew the true nature of Defendant's lies; insufficient coffee shipments contrary to the agreed upon terms; and Defendant's scheme to cheat Plaintiffs out of monies for Defendant's own undeserved use.

44. Defendant made its representations and concealments with knowledge of their falsity or with such utter disregard and recklessness as to whether they were true or false that Defendant's knowledge maybe inferred.

45. Defendant intended to mislead Plaintiffs into entering into a coffee agreement, in which the Defendant would overcharge Plaintiffs, under provide product, and keep the surplus as unearned money to Defendant's benefit.

46. Plaintiffs justifiably relied on Defendant's representations and concealments.

47. All of Defendant's conduct was calculated by Defendant to lead Plaintiffs into believing Defendant was performing in adherence to Defendant's obligations under its agreement with Plaintiffs as existing customers.

48. Defendant's conduct resulted in injury to Plaintiffs proximately caused by Plaintiffs' reliance on Defendant's misrepresentations and concealments, because Plaintiffs paid Defendant under false pretenses.

49. Defendant refused to reimburse Plaintiffs, and now, Plaintiffs are accruing attorney fees and costs due to the past and ongoing misconduct of Defendant.

50. Defendant's conduct and scheme also amounts to fraud in that Defendant breached its legal and/or equitable duty by using its dominant role in the industry as a coffee supplier to deceive Plaintiff.

7

51. As direct and proximate result of Defendant's fraud, Plaintiffs sustained, and will continue to sustain, serious financial losses in excess of $25,000.00 subject to proof at trial.

WHEREFORE, Plaintiffs request the following relief against the Defendant:

A. On Counts I, II, III, and IV compensatory, consequential, incidental, punitive, and treble damages in an amount in excess of $25,000.00 on each Count to be more precisely determined at trial;

B. For attorney's fees, costs, and other such relief this Court deems just and equitable.

Respectfully submitted,

*/s/   Brian Green*

BRIAN GREEN (0063921)
bgreen@shaperolaw.com
JACQUELINE ANN O'BRIEN (0083137)
jobrien@shaperolaw.com
SHAPERO & GREEN LLC
Signature Square II, Suite 220
25101 Chagrin Blvd.
Cleveland, Ohio 44122
Phone: (216) 831-5100
*Attorneys for Plaintiffs*

8

## JURY DEMAND

Pursuant to the Ohio Rule of Civil Procedure 38, the Plaintiffs demand a trial by jury on all issues raised in the Complaint.

/s/ *Brian Green*
_____
BRIAN GREEN (0063921)
SHAPERO & GREEN LLC

P:\Brian\Abdelqader.Sam\Coffee\Complaint

9

| CASE NO. | SUMMONS NO. |
|---|---|
| CV19923960 | D1 FX  40163665 |

Rule 4 (B) Ohio
Rules of Civil Procedure

# SUMMONS

CARNEGIE GAS, INC., ET AL **PLAINTIFF**
VS
S & D COFFEE, INC. **DEFENDANT**

S & D COFFEE, INC.
C/O COGENCY GLOBAL INC
3958-D BROWN PARK DRIVE
HILLIARD OH 43026

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

JACQUELINE ANN O'BRIEN
25101 CHAGRIN BLVD, SUITE 220

BEACHWOOD, OH 44112

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

MAUREEN CLANCY
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
**Clerk of the Court of Common Pleas**



| DATE SENT | By _____ |
|---|---|
| Oct 25, 2019 | Deputy |

COMPLAINT FILED  10/25/2019

CMSN130



November 1, 2019

Dear Customer:

The following is the proof-of-delivery for tracking number **780516599650**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | M.W | **Delivery location:** | 3958 BROWN PARK DR D HILLIARD, OH 43026 |
| **Service type:** | FedEx Express Saver | **Delivery date:** | Oct 31, 2019 09:42 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 780516599650 | **Ship date:** | Oct 28, 2019 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**
S & D COFFEE, INC.
C/O COGENCY GLOBAL INC
3958-D BROWN PARK DRIVE
HILLIARD, OH 43026 US

**Shipper:**
CCoC
1200 Ontario
Cleveland, OH 44113 US

**Reference**     CV19923960
**Invoice number**     40163665

Thank you for choosing FedEx.

CV19923960 / 40163665 / S & D COFFEE, INC. / 2019-11-1 05:21



111315853

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

CARNEGIE GAS, INC., ET AL
    Plaintiff

S & D COFFEE, INC.
    Defendant

Case No: CV-19-923960

Judge: MAUREEN CLANCY

## JOURNAL ENTRY

THE PARTIES' STIPULATION OF TIME TO MOVE OR PLEAD TO THE COMPLAINT, FILED 11/20/2019, IS HEREBY APPROVED. DEFENDANT SHALL HAVE THROUGH 12/13/2019 IN WHICH TO MOVE, PLEAD, OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT.

_____
Judge Signature     11/21/2019

11/21/2019

RECEIVED FOR FILING
11/21/2019 12:15:23
NAILAH K. BYRD, CLERK