# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CARNEGIE GAS, INC., *et al.*, | ) CASE NO. 1:19-CV-02809 |
| Plaintiffs, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| S. & D. COFFEE, INC., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

This matter is before the Court on Defendant, S. & D. Coffee, Inc.'s ("Defendant" or "S. & D. Coffee") Motion to Dismiss Plaintiffs, Carnegie Gas, Inc., Henean Gas, Inc., Buckeye Petroleum, Inc., East 55th Gas, Inc., and Cedar Gas, Inc.'s ("Plaintiffs" or "Carnegie Gas") First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #23, ECF #22). Plaintiffs filed an Opposition to Defendant's Motion to Dismiss (ECF #27) and Defendant filed a Reply (ECF #29). For the reasons that follow, Defendant's Motion to Dismiss (ECF #23) is DENIED.

I. **FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs filed this action against Defendant on October 25, 2019 in the Cuyahoga County Court of Common Pleas. (ECF #1-1). On December 2, 2019, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446. (ECF #1). Plaintiffs filed its First Amended Complaint (the "Amended Complaint") on January 10, 2020, alleging four causes of action: (1) breach of contract, (2) conversion, (3) unjust enrichment and (4) fraud. (ECF #22). Plaintiffs base its claims on the following facts as set forth in Paragraphs 11 through 20 of the First Amended Complaint (ECF #22):

1

11. Plaintiffs conducted business with and purchased coffee from Defendant for over 15 years. The business relationship between Plaintiffs and Defendant ended shortly after the filing of this lawsuit.

12. During the course of the business relationship between Plaintiffs and Defendant, the Plaintiffs collectively purchased, on average, 10 boxes of coffee from Defendant on a weekly basis, at a cost of $85.00 per box.

13. Defendant represented to Plaintiffs that each box purchased by Plaintiffs contained 100 bags of coffee, and consistent with its representations Defendant charged Plaintiffs, and issued invoices to Plaintiffs, which reflected that each box purportedly contained 100 bags of coffee.

14. On or around July 27, 2017, Plaintiffs discovered that, in fact, the boxes being shipped to Plaintiffs' respective stores did not contain 100 bags of coffee, however. Thinking that perhaps one of Defendant's drivers was responsible for the shortage, Plaintiffs questioned one of defendant's drivers, who was named Jim, about this situation, and the Defendant's driver showed Plaintiffs' employees two boxes of coffee in his truck, which were sealed and slated for delivery to Plaintiffs. Defendant's driver and Plaintiffs' employee opened these boxes and counted the coffee bags contained therein, and confirmed that there were not 100 bags of coffee in the boxes. Defendant's driver and Plaintiffs' employee driver also opened an unsealed box of coffee bags, which was slated for delivery to a local hospital, and this box also did not contain 100 bags of coffee.

15. Thereafter, Plaintiffs started regularly counting the number of coffee bags in the boxes shipped to them by Defendant and found that the boxes shipped by Defendant to Plaintiffs were consistently short anywhere from 5 to 10 bags of coffee, and on some occasions short by as many as 10 to 15 bags of coffee.

16. These shortages of coffee bags in the boxes of coffee shipped to the Plaintiffs by Defendant continued until shortly after Plaintiffs' counsel sent a letter to Defendant, dated July 24, 2018, demanding repayment.

17. Although Plaintiffs only first discovered Defendant was shorting their boxes of coffee on or around July 27, 2017, Plaintiffs have reason to believe that Defendant's conduct was part of a pattern and practice which began long before then, and which also involved other customers of Defendant in addition to the Plaintiffs. It is anticipated that the full extent and duration of Defendant's scheme will be further ascertained pending discovery in this matter including, but not limited to, examination of Defendant's shipping, business and financial records pertaining to the shipment of its boxes of coffee to Plaintiffs and/or others.

18. This action stems from Defendant's intentional and ongoing scheme to defraud Plaintiffs by shorting Plaintiffs in coffee products shipped by Defendants per the agreement between the parties, evidenced by invoices sent to Plaintiffs by Defendant.

19. As demonstrated by Defendant's invoices and Plaintiffs' payment pursuant to those invoices, Defendant agreed to supply coffee products to serve the needs of Plaintiffs' customers; thereafter, Defendant deliberately supplied

less coffee than the agreed upon amount for which Plaintiffs paid per the invoices.

20. Defendant, in addition to failing to provide the amount of coffee agreed to by the parties, engaged in a calculated scheme to cover up the shortages by, among other things, providing falsified invoices, organizing deceptive, noncompliant product shipping and shipments, and intentionally billing Plaintiffs with inaccurate invoices. Defendant's actions in this regard were deliberately planned and designed to conceal and cover up its shorting scheme so that the Plaintiffs would be unaware of, and not discovery, the shortages in the coffee being supplied to them by Defendant, and so as to allow the Defendant to perpetuate its scheme without being detected and caught.

In its Motion to Dismiss, Defendant moves this Court to dismiss all four counts of Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #23). Defendant's Motion to Dismiss includes Exhibit 1, a letter from Plaintiffs' counsel, Brian Green, to Defendant, dated July 24, 2018 (the "July 2018 Letter"). (ECF #23-2).[1] The letter states, in pertinent part:

> We have evidence that S&D Coffee, Inc. has been shorting my clients on the shipments which we believe has been done deliberately and intentionally. Accordingly, demand is hereby made in the amount of $500,000 for repayment based on your improper conduct.
>
> Failure to respond to this letter within 7 days from the date of this letter will result in the filing of a lawsuit.

---

[1] Defendant argues the July 2018 letter may be considered by the Court without converting S. & D. Coffee's Motion to Dismiss into a motion for summary judgment, citing *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) which states, "[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Defendant's argument is well-taken.

4

(ECF #23-2). Plaintiffs have opposed the Motion to Dismiss (ECF #27) and Defendant filed a Reply Brief in support (ECF #29). The Motion to Dismiss (ECF #23) is now fully briefed and ready for decision.

## II.  STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009), *see also Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Firefighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.

Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 550 U.S. at 570.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. DISCUSSION

Plaintiffs seek damages resulting from Defendant's alleged breach of contract for failing to provide the correct number of bags of coffee in its shipments, despite representing to Plaintiffs that each box purchased conformed with Defendant's order invoices for 100 bags of coffee. Defendant moves to dismiss the Amended Complaint for breach of contract, conversion, unjust enrichment and fraud on the grounds that Plaintiffs' claims are based solely on supposition and allegations that are mere formulaic recitations of general elements without any supporting facts. Defendant argues that Plaintiffs' breach of contract claim is barred under Chapter 1302 of Ohio's Revised Code and that its claims for conversion, unjust enrichment and fraud are prohibited under Ohio law because they are tort and quasi-contract claims that arise from those same facts plead with Plaintiffs' breach of contract claim.

With respect to Plaintiffs' breach of contract claim, Defendant contends that this cause of action is barred by Ohio's UCC statute on sales, O.R.C. §1302.01 *et seq.*, because Plaintiffs failed to seasonably reject any non-conforming good or notify S. & D. Coffee of the alleged breach with respect to the accepted goods. Defendant argues Plaintiffs' first cause of action fails because

6

Plaintiffs waited nearly a year to notify Defendant of the alleged shortage while continuing to order and accept regular shipments of coffee.

Carnegie Gas contends Defendant's position is without merit. First, Plaintiffs argue it is impossible to reject goods never received, and even if they could, rejection of goods is not mandated under O.R.C. § 1302.60, but rather one option for a buyer in receipt of non-conforming goods. Plaintiffs note the present matter is distinguishable from those cases cited in Defendant's Motion because Plaintiffs' claims stem from an alleged shortage of goods, rather than defective or substandard goods, and damages for non-delivery are authorized under O.R.C. § 1302.87. Second, Plaintiffs argue that Defendant's notice argument fails because Defendant's employee personally observed Plaintiffs' initial discovery of the shortage in July 2017, and such knowledge is legally imputed to Defendant under a theory of agency. After a thorough review, this Court finds Plaintiffs' Amended Complaint contains enough factual allegations to assert a plausible breach of contract claim and that discovery and further briefings are necessary. As such, Plaintiffs' breach of contract claim will not be dismissed.

Next, Defendant argues Plaintiffs' fraud claim fails as a matter of law because it is based solely on those allegations plead in Plaintiffs' breach of contract claim and thus fails to state a claim for fraud with requisite particularity. Plaintiffs argue its fraud cause of action is not premised on the breach of contract claim, but on Defendant's alleged intentional and ongoing concealment of failing to meet its delivery requirements, a scheme designed to trick Plaintiffs into believing Defendant had been complying with its contractual obligations and induce Plaintiffs to continue doing business with Defendant despite being cheated out of 5% - 10% of its product. In support of its fraud claim, Plaintiffs allege Defendant "falsified invoices," "organizing[ed] deceptive, noncompliant product shipping and shipments" and "intentionally bill[ed] Plaintiffs with

7

inaccurate invoices." (ECF #22, ¶¶ 20, 63, *see also* ¶¶ 51-55). Under Fed. R. Civ. P. 12(b)(6), the allegations in a Complaint do not need to convince the Court that Plaintiff will prevail on his claims in order to survive a 12(b)(6) motion to dismiss. Rather, the Court is only to determine whether the allegations are sufficient to entitle Plaintiffs to offer evidence in support of its claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Here, the Court finds Plaintiffs' allegations of intentional concealment and fraud sufficient to meet this threshold such that dismissal prior to discovery is not appropriate. Accordingly, Plaintiffs' cause of action for fraud will not be dismissed.

Finally, Defendant argues that Plaintiffs' claims for conversion and unjust enrichment should be dismissed because where a contract governs the parties' relationship, "alternatively pled theories of unjust enrichment…are not viable as a matter of law." *See Gen. Elec. Co. v. S & S Sales Co.*, No. 1:11-cv-00937, 2012 WL 2921566, at *5 (N.D. Ohio July 17, 2012). Plaintiffs argue that dismissal of its conversion and unjust enrichment claims is unwarranted at this stage in the proceedings. This Court agrees. Given the unresolved nature of Plaintiffs' claims for breach of contract and fraud, such a determination is premature prior to discovery. Therefore, Plaintiffs' claims for conversion and unjust enrichment are not dismissed.

Having fully reviewed the allegations in Plaintiffs' Amended Complaint and the parties' briefings, in conjunction with the applicable statutory and case law, this Court finds that the Amended Complaint, when considered in a light most favorable to Plaintiffs, provides factual allegations that are sufficient to raise a right to relief above the speculative level. Accordingly, Plaintiffs' Amended Complaint is sufficient to withstand dismissal.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF #23) is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: _August 4, 2020_